plicant.  In this case the attachment is clearly stated.  The prayer is that the attachment may be dissolved and the property restored to the applicant.  This implies a continued ownership.

The other  question  raised by the  case was whether, upon  the hearing before the Commissioner, the plaintiff in the  attachment is to begin by showing good  cause for its  issuing, or whether the defendant is to begin by showing the non-existence of such cause, and upon whom rests the burden of proof.  *Held*, That the plaintiff is to begin, and that the burden of proof is upon  him to show the ex·istence of such facts as justified the issuing of the writ.

There was no error in the  proceedings, and the  judgment was affirmed with costs.

---

## MILLER vs. SWEITZER.

A and B assaulted and beat C.  A was arrested and tried—B not arrested.  On the trial the prosecution offered evidence as to a certain wound inflicted upon C by B.  Objection was made that as A was  prosecuted  alone  and as it did  not  appear  that  there was  any concert of action between A and B in making the assault, the evidence was inadmissible.— *Held*, That the proposed evidence should go to the jury.

Error to Wayne Circuit.

*Opinion by* GRAVES, J.—This was an  action on the  case by Sweitzer against Miller to  recover  damages alleged to have been occasioned by an assault and  battery.  Loss of business· and the  expenditure of  money for medical purposes were charged.  Plaintiff offered evidence tending to show that he called at the grocery of Miller on business, when an altercation occurred between himself and Miller's wife respecting payment for some beer which she  claimed he had  purchased on a previous occasion.  Sweitzer on the stand testified that on his refusal to pay Mrs. Miller she took his hat  and  threatened to take his watch.  That he sought to regain his hat, whereupon Mrs. Miller threw him down, held him, and called to her husband to come and kill  him if he did  not  give up his watch or pay for the beer.  The defendant then seized  him  about  the neck and struck him several blows, while Mrs. Miller struck him several

times,in the head with a hatchet. The last evidence was objected to as having nothing to do with Sweitzer. Dr. Granger was asked if he could tell how the wounds on the head were caused, but an objection was taken on the ground that there was no evidence going to show that Sweitzer struck the blows on the head. The objection was overruled, and the witness stated that the wound must have been made with a blunt instrument something harder than the fist. The questions in the case arose on the refusals of the Court to sustain the objections to the admission of testimony.

Plaintiff in error took the ground that as he was prosecuted alone, and it did not appear that there was any concert of action between himself and his wife, or that his acts naturally and ordinarily produced the blows given by his wife, the evidence respecting her assaults were inadmissible. The Court, however, held that the husband and wife were clearly, according to the testimony, engaged in the assault together, and that the whole evidence should go the jury, who were the judges of the facts.

The judgment of the Circuit Court is affirmed with costs.

---

### THE SECURITY INSURANCE COMPANY OF NEW YORK *vs.* FAY.

A policy of insurance had endorsed upon it as one of the clauses of forfeiture, the words, "If without written consent hereon, there is any prior or subsequent insurance, this policy shall be void." Subsequently, and without giving notice to the company, an insurance was effected in another company. A few weeks after the second insurance an agent of the company first insuring, residing at another place, endorsed on the policy, the words:— "Other insurance to the amount of $4,000 is hereby permitted, December 7, 1867." In a suit on the policy, *Held*, That upon sound rules of construction the consent should have been signed by the general agent at Chicago, without whose signature the policy was not to be valid. The unsigned consent cannot be sustained in the absence of the general agent's signature, without distinct proof that it was made by some one who was in fact, or by their conduct might be fairly supposed to be authorized to bind the company in that way, or was recognized and acted upon afterwards so as to bind them by some sort of estoppel. The policy became void if there was subsequent insurance without consent. And the actual consent given was not a consent to a past insurance, but rather to one in the future.

Error to St. Joseph Circuit.

*Opinion by* CAMPBELL, C. J.—Judgment was rendered against plaintiff in error on a policy of insurance. The defence rested